UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD M. SINGLER,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>GOVERNOR SCHWARZENEGGER,<br><br>　　　　Respondent.　　　　　　　　／ | No. C 06-3373 SI (pr)<br><br>**ORDER TO SHOW CAUSE** |

## INTRODUCTION

Ronald M. Singler, an inmate at San Quentin State Prison, filed this pro se action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court reviewed Singler's petition for writ of habeas corpus, found it lacking and ordered that an amended petition be filed. His amended petition is before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## BACKGROUND

Singler was convicted in Placer County Superior Court of second degree murder and, in 1983, was sentenced to 15 years to life in prison. His amended petition does not challenge his conviction but instead challenges a September 27, 2005 decision by Governor Schwarzenegger that reversed the May 18, 2005 decision of the Board of Prison Terms ("BPT") that found him suitable for parole. Singler alleges that he filed unsuccessful state habeas petitions before filing this action.

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Singler asserts three claims in his amended petition. First, he claims that Governor Schwarzenegger's decision was not supported by sufficient evidence. Liberally construed, the allegation states a cognizable claim for a due process violation. See Board of Pardons v. Allen, 482 U.S. 369 (1987); Sass v. California Board of Prison Terms, 461 F.3d 1123, 1128-29 (9th Cir. 2006).

Second, Singler claims that the Governor's review of the BPT's parole suitability decision violated his right to be free from ex post facto laws. He appears to urge that his rights under the Ex Post Facto Clause were violated by the change in the law that occurred when the voters approved Proposition 89, which added section 8(b) to Article V of the California Constitution and gave the governor the right to review BPT decisions and when California Penal Code § 3041.2 gave the Governor that same power. His claim has no merit as the law was not an unconstitutional ex post facto law. See Johnson v. Gomez, 92 F.2d 964 (9th Cir. 1996), cert. denied, 520 U.S. 1242 (1997). The second claim is dismissed.

Third, Singler claims that the Governor's use of the "some evidence" standard instead of a preponderance of the evidence standard violated his right to due process. This claim will be dismissed. First, the Governor's decision does not state that it is based on a some evidence standard and there is no evidence to suggest that he employed such a standard. If any evidence standard could be deduced from the Governor's decision, it would be a preponderance of the

2

evidence standard, as indicated by his statement that he "find[s]" that the gravity of the murder committed by Mr. Singler presently outweighs the positive factors supporting his parole." Amended Petition, Exh. D (Governor's decision), p. 2. The some evidence standard is considerably more deferential than the preponderance of the evidence standard and is the standard used for judicial review of a parole decision. See Sass, 461 F.3d at 1128-29 (adopting some evidence standard for disciplinary hearings outlined in Superintendent v. Hill, 472 U.S. 445, 454-55 (1985)). To the extent Singler claims that the courts (as opposed to the Governor) are wrongly using the some evidence standard, the claim is precluded because Sass has determined that it is the right standard for federal habeas review and the California Supreme Court has determined it is the right standard for state habeas review of a parole decision. Moreover, Singler would have no habeas claim based solely on the state courts' use of an erroneous legal standard in a habeas action because errors in the state post-conviction review process are not addressable through federal habeas corpus proceedings. See Ortiz v. Stewart, 149 F.3d 923, 939 (9th Cir. 1998); Gerlaugh v. Stewart, 129 F.3d 1027, 1045 (9th Cir. 1997); Villafuerte v. Stewart, 111 F.3d 616, 632 n.7 (9th Cir. 1997); Franzen v. Brinkman, 877 F.2d 26, 26 (9th Cir.), cert. denied, 493 U.S. 1012 (1989). Such errors do not generally represent an attack on the prisoner's detention and therefore are not proper grounds for habeas relief. See id.

## CONCLUSION

For the foregoing reasons,

1. The due process claim based on the sufficiency of the evidence warrants a response from respondent. The claims for an ex post facto violation and for the use of the improper standard for review of the evidence are dismissed.

2. The clerk shall serve by certified mail a copy of this order, the amended petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

3. Respondent must file and serve upon petitioner, on or before **January 19, 2007**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases,

1  showing cause why a writ of habeas corpus should not be issued.  Respondent must file with the
2  answer a copy of all portions of the parole hearing record that have been previously transcribed
3  and that are relevant to a determination of the issues presented by the amended petition.
4       4.   If petitioner wishes to respond to the answer, he must do so by filing a traverse
5  with the court and serving it on respondent on or before **February 23, 2007**.
6       IT IS SO ORDERED.
7  DATED:  November 20, 2006
                                        _____
                                            SUSAN ILLSTON
8                                        United States District Judge